■ CHICKEN DELIGHT EASTERN, INC., Appellant, v. KENNETH S. WENKE et al., Respondents.— Judgment of the Supreme Court, Nassau County, dated July 21, 1966 and made upon an order of said court which granted defendants' motion to dismiss the complaint, affirmed, without costs (*Unexcelled Laundry System* v. *Esemann*, 248 App. Div. 610, affd. 273 N. Y. 555). At the time the release of June 13, 1966 was executed and delivered, there was no existing controversy between the parties. Therefore, the release of defendant Wenke from all liability under the contract and the cancellation of the contract in its entirety could only mean a release of possible future liability under the restrictive covenant. Beldock, P. J., Christ, Hill and Rabin, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and to grant a trial on the issue of release, with the following memorandum: The plaintiff corporation issued a franchise on April 1, 1963 to defendant Wenke for the operation of a take-out food business. The franchise agreement contained a restrictive covenant which prevented Wenke from competing with plaintiff within a described market area for a period of one year following the breach or termination of the agreement. When Wenke subsequently became desirous of selling his business to one Volpe, Wenke and plaintiff entered into a release so that a new franchise could be issued to Volpe. The agreement released Wenke "from all liability under contract ⁕ ⁕ ⁕ [described] which is cancelled in its entirety." It cannot be held as a matter of law that the release was intended to apply to the restrictive covenant,

which was not a liability "under the contract", but rather a collateral obligation which could not spring into being until the termination or breach of the contract. In *Unexcelled Laundry System* v. *Esemann* (248 App. Div. 610, affd. 273 N. Y. 555), in which a similar problem was presented, the release, by its terms, applied to all "covenants, contracts, controversies, agreements, promises * * * claims and demands, whatsoever, in law or in equity", which the releasor "shall or may have" against the releasee. While such a release was held to have the effect of vitiating the restrictive covenant because of its all-inclusive language as to future rights under the restrictive covenant, the narrow release before us was obviously not intended to have that effect, but related merely to the performance of the contract itself. "Whether a release is to be treated as including all possible claims depends upon the purpose for which the release is given" (*Simon* v. *Simon*, 274 App. Div. 447, 449).